SINGER MFG. CO. v. POLLOCK.

(Supreme Court, Appellate Term.   November 29, 1905.)

APPEAL—REVERSAL—DISREGARD OF EVIDENCE.

Where, in an action by a master against his salesman on discontinuance of the employment, undisputed evidence of money collected and not turned over by defendant and of facts which under the contract made commissions paid to defendant refundable was disregarded, the judgment for defendant on the counterclaim merely will be reversed.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 3990.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Singer Manufacturing Company against Nathan Pollock. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and MacLEAN, J.

Benjamin L. Brandner, for appellant.
Charles Dushkind, for respondent.

MacLEAN, J. The parties were employer and employé in selling sewing machines at fixed prices, with compensation to the defendant of graded premiums and two sorts of commissions, payable out of the payments turned in by him, but really in anticipation, because refundable if accounts opened by him with his customers proved uncollectible—he undertook the collection—or if the machines repossessed on conditions stated in the written agreement of hiring. Upon discontinuance, by the employer, of the employment, there arose this action. in which was given, and not disputed, evidence of accounts uncollectible, of machines repossessed, of sale below the prices fixed, and of sums collected but not turned over by the defendant, who offered no testimony. All these were disregarded in the award of judgment only for certain items of counterclaim, including $100 deposited to secure the defendant's fidelity. For this disregard of covenanted obligations, creating practically a new agreement for the parties, the judgment must be reversed, and a new trial ordered.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.

SCOTT, P. J., concurs.